UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CR-0180-CVE |
| | ) | |
| RICO STARKS, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is Defendant Rico Starks's Motion to Dismiss for Unreasonable Pre-Arraignment Delay and Brief in Support (Dkt. # 18). Defendant argues that, because more than one year elapsed between the public filing of the indictment and his initial appearance, the complaint (Dkt. # 1) and indictment (Dkt. # 4) should be dismissed. The government responded and argues that the delay was reasonable because an underlying state court case involving a violent crime took precedence over the federal court case. Dkt. # 21.

On September 14, 2011, a state court warrant was issued for defendant's arrest. Dkt. # 21, at 1. Defendant was charged in state court with robbery with a firearm and possession of a firearm after conviction of a felony. Id. Tulsa Police Department officers received an anonymous tip regarding defendant, and, on November 12, 2011, after confirming defendant had an active felony warrant, proceeded to the residence identified by the anonymous tip. Id. at 1-2. After a search of the residence, including a recreational vehicle in the backyard, the officers found defendant, as well as a firearm and ammunition.[1] Id. The officers arrested defendant, and defendant was charged with

---

[1] The search of the residence is the subject of defendant's Motion to Suppress and Brief in Support (Dkt. # 16). However, the underlying factual allegations are not material to defendant's motion to dismiss.

"possession of marijuana with intent, possession of firearm AFCF, and possession of a firearm in commission of a felony." Id. at 4.

On December 6, 2011, the federal grand jury returned an indictment charging defendant with one count of felon in possession of a firearm. Dkt. # 4. On December 19, 2011, a state court preliminary hearing was held for defendant regarding the robbery and possession of a firearm after a felony conviction charges. Dkt. # 21, at 5. Defendant was arraigned in state court on January 3, 2012, and the case was set for jury trial on May 7, 2012, which was continued to September 17, 2012 and thereafter to November 5, 2012.[2] Id. The jury trial began on November 5 and ended November 8, 2012. Defendant was acquitted of the robbery with a firearm charge and found guilty of possessing a firearm after a former felony conviction. Id. On November 19, 2012, defendant was sentenced in state court to eleven years imprisonment. Id.

On November 29, 2012, the United States filed a petition for writ of habeas corpus ad prosequendum, asking that defendant be delivered from the David L. Moss Criminal Justice Center in Tulsa, Oklahoma (Dkt. # 6), which was granted (Dkt. # 7). On December 3, 2012, defendant made his initial appearance, was appointed counsel, arraigned, and detained. Dkt. # 11.

Thereafter, defendant filed this motion to dismiss based upon the Speedy Trial Clause of the Sixth Amendment, the Due Process Clause of the Fifth Amendment, and Fed. R. Crim. P. 48(b)(3). Dkt. # 18. Defendant argues that the lengthy delay between indictment and initial appearance (and trial) has prejudiced him such that his speedy trial rights have been violated and his case should be dismissed. Id. The government argues that the period of time between the indictment and

---

[2]  The state court case also involved a co-defendant who was jointly tried with defendant. Dkt. # 21, at 5.

2

defendant's initial appearance was justified because defendant was being prosecuted in state court for a violent felony. Dkt. # 21, at 5.

"In determining whether a defendant's Sixth Amendment right to a speedy trial has been violated, a court must balance four factors: (1) the length of delay; (2) the reason for delay; (3) the defendant's assertion of his right; and (4) any prejudice to the defendant." United States v. Toombs, 574 F.3d 1262, 1274 (10th Cir. 2009) (citing Barker v. Wingo, 407 U.S. 514, 530 (1972)); see also United States v. Seltzer, 595 F.3d 1170, 1176 (10th Cir. 2010). "No one of the factors is necessary or sufficient to conclude a violation has occurred." Toombs, 574 F.3d at 1274 (citing Barker, 407 U.S. at 530). "Instead, the factors are related and must be considered together along with other relevant circumstances." Id. (citing United States v. Gomez, 67 F.3d 1515, 1521 (10th Cir. 1995)). "'The first factor, length of delay, functions as a triggering mechanism' and 'the remaining factors are examined only if the delay is long enough to be presumptively prejudicial.'" Id. (quoting United States v. Yehling, 456 F.3d 1236, 1243 (10th Cir. 2006)).

The first factor is the "length of the delay in pursuing the case against the defendant." Id. The circuit court stated that this factor requires a "double inquiry." Id. First, the "'accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial delay.'" Id. (quoting Doggett v. United States, 505 U.S. 647, 651-52 (1992) (remaining quotations omitted)). "Second, '[i]f the accused makes this showing, the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim.'" Id. (quoting Doggett, 505 U.S. at 652) (alterations in Seltzer). The circuit court noted that, where a delay was "more than a year," it was "presumptively prejudicial." Id. Generally, "'the speedy trial right attaches when the

3

defendant is arrested or indicted, whichever comes first.'" Id. (quoting Jackson v. Ray, 390 F.3d 1254, 1261 (10th Cir. 2004)). However, the fact that the delay was lengthy, standing alone, does not make the delay unreasonable. Id. The circuit court stated that a district court should look to "other factors," including "the nature of the charges." Id. (citing Barker, 407 U.S. at 531).

Defendant was indicted on December 6, 2011 (Dkt. # 4), and defendant's initial appearance was December 3, 2012 (Dkt. # 11). His jury trial is set for January 22, 2013. Dkt. # 14. Thus, because the time exceeds one year, the delay is presumptively prejudicial. Further, the single-count indictment charges defendant as a felon in possession of a firearm, which the Court finds is not a complex charge. The Court finds this factor weighs against the government.

The second factor is "the reasons offered by the government for not bringing a timely suit." Seltzer, 595 F.3d at 1177. "This factor is especially important: 'the flag all litigants seek to capture is the second factor, the reason for delay.'" Id. (citing United States v. Loud Hawk, 474 U.S. 302, 315 (1986)). "The burden belongs to the government to provide an acceptable rationale for the delay." Id. (citing Jackson, 390 F.3d at 161). The court should consider whether the delay was a "deliberate attempt to delay the trial . . . [or] a more neutral reason such as negligence." Id. (internal quotation marks omitted). In Seltzer, the government asserted that the reason for "the delay was the desire to complete the state proceedings on unrelated drug charges before continuing with the federal charges." Id. The Tenth Circuit, citing the Fourth and Sixth Circuits, found that "awaiting the completion of another sovereign's prosecution may be a plausible reason for delay in some circumstances, but it does not necessarily mean that it is a justifiable excuse in every case." Id. at 1177-78; see United States v. Thomas, 55 F.3d 144, 151 (4th Cir. 1995); see also United States v. Schreane, 331 F.3d 548, 554 (6th Cir. 2003). The circuit court further explained that "the

4

government must make a particularized showing of why the circumstances require the conclusion of the state proceedings before the federal proceedings can continue. The mere fact that the defendant was incarcerated on a previous charge for a portion of the delay does not by itself excuse the delay." Seltzer, 595 F.3d at 1178 (citing Jackson, 390 F.3d 1262) (remaining citations omitted). "Thus, the government needs to show that it has sufficient justification for waiting for the state proceedings in this particular case." Id. In Seltzer, the Tenth Circuit found that this factor weighed against the government for three reasons: (1) "there was no overlap in the charges or proceedings," (2) "concurrent proceedings would not be logistically cumbersome," and (3) "the simplicity of the charges." Id. However, where "nothing in [the] record suggest[ed] intentional delay on the part of the government," the Tenth Circuit has found that the second factor weighed slightly in the defendant's favor. United States v. Dirden, 38 F.3d 1131, 1138 (10th Cir. 1994).

The government states that it "did not want to disrupt the ongoing state prosecution of the defendant for robbery with a firearm and possession of a firearm AFCF." Dkt. # 21, at 7. The government further states that the state court case predated the federal court case and involved a co-defendant, and that defendant had previously delayed the state court case by leaving Oklahoma and hiding to avoid his arrest. Id. Additionally, the state court charge of robbery with a firearm is "more serious" than the federal charge of felon in possession of a firearm, and the state court charge "involved a victim[ ] and a co-defendant." Id. The government's proffered reasons effectively fulfill the government's burden to make a "particularized showing of why the circumstances require[d] the conclusion of the state proceedings before the federal proceedings [could] continue." Seltzer, 595 F.3d at 1178. Therefore, this factor weighs against finding a violation of defendant's right to a speedy trial.

The third factor is "whether the defendant asserted his right to a speedy trial." Id. If the defendant has asserted his right, that "is given strong weight in deciding whether there has been a speedy trial violation." Id. Where a defendant, "even without the benefits of counsel, twice asserted his speedy trial rights," the Tenth Circuit found this factor weighed "strongly in favor of" defendant. Id. However, in this case, defendant is raising his speedy trial rights for the first time in his motion to dismiss. Defendant asserts that he "is raising the issue as soon as practicable[ ] [because] he was unrepresented on this federal charge until December 3, 2012." Dkt. # 18, at 5. The burden of protecting one's right to a speedy trial is not placed upon a defendant. Barker, 407 U.S. at 527 ("A defendant has no duty to bring himself to trial"). Therefore, this factor neither weighs for or against a finding of a violation of defendant's right to a speedy trial.

The final factor is prejudice, and "'[t]he individual claiming the Sixth Amendment violation has the burden of showing prejudice.'" Seltzer, 595 F.3d at 1179 (quoting Toombs, 574 F.3d at 1275). The Tenth Circuit identified three main "interests" which the speedy trial right was designed to protect: "[1] the prevention of oppressive pretrial incarceration; [2] the minimization of anxiety and concern of the accused; and [3] minimization of the possibility that the defense will be impaired." Id. (citing Toombs, 574 F.3d at 1275). "Of these interests, the most serious is the 'hindrance of the defense' because the inability of a defendant to adequately prepare his case skews the fairness of the entire system." Id. (citing Toombs, 574 F.3d at 1275). "Because the seriousness of a post-accusation delay worsens when the wait is accompanied by pretrial incarceration, oppressive pretrial incarceration is the second most important factor." Id. (quotation omitted). However, when a defendant makes only a "general allegation that the passage of time made it more difficult to present a defense, [ ] points to no specific prejudice he claims he suffered from the delay

6

. . . [and] [does] not claim[ ] that any specific witness or evidence was somehow rendered unavailable or less persuasive because of the passage of time," this factor weighs against finding that defendant's right to a speedy trial was violated. Castro v. Ward, 138 F.3d 810, 820 (10th Cir. 1998).

Defendant argues that prejudice against him is "presumed." Dkt. # 18, at 5. Defendant further argues that the delay specifically prejudiced him in two ways. Dkt. # 18, at 7. First, defendant alleges that, absent the delay, testimony of two individuals who were found with defendant at the time that he was arrested could have been used to establish that defendant did not possess the gun. Id. Defendant states that "their whereabouts are not known for certain, their willingness to come forward at this time is uncertain, and their recollections of events have not improved with the passage of time." Id. at 8. Second, defendant argues that the memory of the government's witnesses and the officers who completed the search of the residence will have faded "over a full calendar year." Id.

"Generally, the court requires a delay of six years before allowing the delay itself to constitute prejudice." Seltzer, 595 F.3d at 1180 n.3 (citing Jackson, 390 F.3d at 1263). Thus, the prejudice against defendant is not "presumed." Further, defendant has no evidence to demonstrate that he has suffered or will suffer any prejudice due to the delay in this case. "This is not a situation where, for example, as a result of the delay, the defense no longer had access to certain evidence or could no longer use a witness because that witness died before trial." Toombs, 574 F.3d at 1275 (citation omitted). Defendant makes only general allegations that his defense will be impaired. See Castro, 138 F.3d at 820; Dkt. # 18, at 7. Further, there is no evidence that the government's "motivation for delaying the trial was to gain any tactical advantage over him." Castro, 138 F.3d at 820. Instead, it appears that the delay was an attempt to accommodate the state court and allow

the state court to fully prosecute defendant without further delays.  Finally, the delay did not cause defendant to be improperly incarcerated for any period of time because he was already validly in state custody on the robbery with a firearm and firearm after a felony conviction charges.[3]  Thus, this factor weighs decidedly against finding a violation of defendant's speedy trial rights.

"Speedy trial claims require a balancing test." Jackson, 390 F.3d at 1266.  The balance in this case weighs in favor of finding that defendant's right to a speedy trial was not violated.  Although the delay was lengthy, the government has proffered evidence sufficient to make a particularized showing that the state court proceedings should have been concluded prior to allowing the federal court case to proceed, and defendant has not shown that he suffered any prejudice as a result of the delay.  Therefore, defendant's motion should be denied.

Defendant also argues that the delay between the indictment and his initial appearance violated the Due Process Clause of the Fifth Amendment.  Dkt. # 18, at 8.  The Tenth Circuit found, in United States v. Padilla, 819 F.2d 952, 962-63 (10th Cir. 1987) (citation omitted), that "a defendant's rights flowing from the due process clause are not violated absent 'a showing of actual prejudice resulting from preindictment delay and that the delay was purposefully designed to gain tactical advantage or to harass the defendants."  As previously analyzed, defendant was not prejudiced by the delay, and defendant has not shown that the delay was designed to gain a tactical advantage or to harass him.  Therefore, defendant's Fifth Amendment rights were not violated.

Finally, defendant cites to Fed. R. Crim. P. 48(b)(3).  Fed. R. Crim. P. 48(b) provides that "[t]he court may dismiss an indictment, information, or complaint if unnecessary delay occurs in:

---

[3]   Defendant was detained on state court charges of robbery with a firearm and possession of a firearm after a felony conviction. Dkt. # 21, at 7-8.  The government states that "defendant did not file for a bond reduction or bond hearing." Id. at 8.

8

. . . (3) bringing a defendant to trial." However, defendant provides no basis for his allegation that the complaint and indictment should be dismissed pursuant to Fed. R. Crim. P. 48. Therefore, the Court finds that defendant's motion to dismiss should be denied.

**IT IS THEREFORE ORDERED** that Defendant Rico Starks's Motion to Dismiss for Unreasonable Pre-Arraignment Delay and Brief in Support (Dkt. # 18) is **denied**.

**DATED** this 7th day of January, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE